**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Truelove, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| RMB, Inc. aka Receivables Management Bureau, Inc., | ) |
| | ) |
| Defendant. | ) |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Lisa Truelove ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Gilbert.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, RMB, Inc. aka Receivables Management Bureau, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Plaintiff received medical services from Phoenix Diagnostic Imaging on April 8, 2010.

12. Plaintiff's insurance provider paid $89.68 for said medical services on April 29, 2011.

13. Plaintiff received an initial debt collection letter from Defendant on or about May 31, 2011.

14. Said communication was titled "AGREEMENT CONFIRMATION LETTER" and stated, in relevant part, as follows: "As you are aware, a payment arrangement has been established on this account. We are expecting your first payment in the amount of $89.68 by 6/23/11."

15. However, Plaintiff did not enter into any such agreement.

16. Furthermore, Defendant's letter failed to provide Plaintiff with the notices required by 15 USC § 1692g(a) et seq.).

17. Plaintiff called Defendant on May 31, 2011, and at such time, spoke to Defendant's agent and/or employee "Monty."

18. During said telephone communication, Defendant confirmed that Plaintiff did not establish a payment arrangement for the alleged debt.

19. During said telephone communication, Plaintiff informed Defendant that the alleged debt was paid in full by Plaintiff's insurance provider.

20. During said telephone communication, Defendant failed to provide Plaintiff with the notices required by 15 USC § 1692g(a) et seq.).

21. Upon information and good belief, Defendant failed to provide Plaintiff with the notices required by 15 USC § 1692g(a) et seq. in writing within five days of the initial May 31, 2011 communication.

22. Defendant's actions constitute conduct highly offensive to a reasonable person.

**COUNT I**

23. Plaintiff repeats and re-alleges each and every allegation contained above.

24. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 24th day of August, 2011

> By: s/ Marshall Meyers
> Marshall Meyers (020584)
> WEISBERG & MEYERS, LLC
> 5025 North Central Ave., #602
> Phoenix, AZ 85012
> 602 445 9819
> 866 565 1327 facsimile
> mmeyers@AttorneysForConsumers.com
> Attorney for Plaintiff